Case 3:16-cv-00113-BEN-BLM   Document 3   Filed 02/03/16   PageID.91   Page 1 of 4

FILED

FEB 0 3 2016

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY         a cc      DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SHERIFF WILLIAM D. GORE,<br><br>　　　　　　Defendant. | Case No.: 3:16-cv-00113-BEN-BLM<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF Doc. No. 2]; AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

　　　　Plaintiff Pedro Rodriguez, currently housed at the San Diego Central Jail, has filed a civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has not prepaid the full civil filing fee required by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP"). (ECF Doc. No. 2.)

**I.　　Motion to Proceed IFP**

　　　　"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners" like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount

of a filing fee," in "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> [I]f [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) [hereinafter "*King*"].

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) [hereinafter "*Cervantes*"] ("Prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule."). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *King*, 398 F.3d at 1116 n.1 (internal quotation marks omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

## II. Application to Plaintiff

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has

ascertained that it does not contain "plausible allegations" which suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *See Cervantes*, 493 F.3d at 1055 (noting section 1915(g)'s exception to the three strikes provision).

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff, while incarcerated, has brought at least three prior civil actions which have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Rodriguez v. Robinson, et al.*, Civil Case No. 3:14-cv-02770-LAB-WVG (S.D. Cal. Jan. 16, 2015) (Order Granting Motion to Proceed IFP and Dismissing Complaint for failing to state a claim) (ECF No. 4) (strike one);

2) *Rodriguez v. Mitchell, et al.*, Civil Case No. 3:14-cv-02708-GPC-WVG (S.D. Cal. Feb. 18, 2015) (Order granting Motion to Proceed IFP and Dismissing Complaint for failing to state a claim and seeking monetary damages against immune defendants) (ECF No. 4.) (strike two); and

3) *Rodriguez v. Stall, et al.*, Civil Case No. 3:14-cv-02646-LAB-DHB (S.D. Cal. Apr. 23, 2015) (Order Dismissing First Amended Complaint for failing to state a claim) (ECF No. 11) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated at least three "strikes,"[1] and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed either of his complaints, he is not entitled to

---

[1] In fact, Plaintiff filed twelve separate civil rights actions in this Court beginning in 2014.

the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III.  Conclusion and Order

For the reasons set forth above, the Court hereby:

(1)  **DENIES** Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2) as barred by 28 U.S.C. § 1915(g); and

(2)  **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a).

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: 2/2, 2016

Hon. Roger T. Benitez
United States District Judge